# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 11-06637 (SEK) |
|---|---|
| JUAN CAERLOS BACELLS GALLARRETA<br>Debtor | CHAPTER 7 |

## MOTION TO AMEND JUDGMENT

Comes now Juan Carlos Balcells, debtor herein, pursuant to FRCP 59(e), applicable herein through Bankruptcy Rule 9023, through the undersigned counsel and respectfully states and prays:

The captioned petition was filed on Friday, August 5, 2011.

On August 8, 2011, DSO creditor Amarillis Gonzalez filed an urgent motion at docket 6, requesting an Order to Debtor to pay pending invoices by Colegio San Ignacio and Academia Maria Reina. The Court issued an order to reply within 24 hours, and scheduling a hearing for August 13 at 11:30 AM, docket 7.

During the hearing, the Court called the case and asked the parties if anything else needed to be added to the expedited motion and replies. Counsel for Debtor explained to the Court that the June 30, 2011 Order from the Bayamon Family Court had been re notified on August 5, 2011, thus it is not yet final. The Court stated a copy was on record and declined receiving an updated notice (Archivo en Autos). As is turned out, the Court had the initial entry on record notice, not the amended one.

Movant had filed on August 12 a Response to Debtor's Reply and Motion to Dismiss, docket 14. The Court explained during the hearing that this docket entry had been expunged from the record as its filing required leave of court that had not been requested. On this motion Movant Amarillis Gonzalez requested dismissal of the case for the first time, which request was also verbally made during the expedited hearing.

Currently pending before the Bayamon Court are several crucial aspects of the determination of debtor's liability; Debtor's participation in Gusupa, Inc. (where one Judge in state Court issued an order that pierces the corporate veil without participation of the stockholders); and the determination of the actual amounts in arrears and monthly DSO payments.

The Court has found that the filing of the petition was done with "unclean hands" and imposes the extremely harsh sanction of barring refiling for one year. The Ruling and findings of the Court are based on:

1. The allegations in Amarillis Gonzalez Urgent Motion, and the reply by Debtor (for which he was granted only 24 hours to file).

2. The findings by the Bayamon Court in its June 30, 2011 Order, which was noticed in August 5, 2011, thus not final,

3. A review of the Schedules, where the meeting of creditors has not been held, and

3. Findings of facts not in the record, specifically what transpired in during the August 8 hearing before the Bayamon Court.

The Court did not hold an evidentiary hearing, deciding on the scant record taking as valid the allegations of the moving party. Other than detailed allegations by movant, the

Court had to consider the exhibits attached to her motion, which documents have not been determined to be admissible in evidence.

The June 30, 2011 Order on which various findings are based is not final. Debtor has expressed its intention to appeal the same, for which there is still time. The Bankruptcy Court by its actions has endorsed the contents of a Court of another jurisdiction, de facto upholding its validity, in a sua sponte fashion.

By the URGENT motion, movant requests this court to enter an order regarding an undecided matter, currently pending before the Superior Court. The actions by that forum in staying the action are not a matter to be reviewed by this Court. While we agree that the determination of the DSO is not stayed, it is up to the State Court to consider and adjudicate the same.

No order is required for debtor to pay DSO. Counsel has made very clear to debtor what his obligations are in that respect. Debtor is also well aware that DSO arrears are non dischargeable, and he intends to pay the same.

Debtor's intentions are to generate sufficient funds to pay the amounts due in a plausible manner. The facts that have come to our attention show that an order was enterred on January 2010, imposing retroactively to February 2007 the payment of a huge child support obligation, instantly creating the huge amount in arrears.[1] In Puerto Rico, the State Courts freely impose confinement for non payment of DSO arrears. Should this remedy be used against debtor, the most plausible scenario is that all income will cease,

---

[1] The Bankruptcy Court calculated the same in $90, 928, but the amounts paid from 2006 to December 2010 were not considered.

making it impossible to cure the arrears and maintain the DSO current. This result will cause the biggest hardship upon the minors.

Debtor is entitled to present its arguments and evidence before the Court to consider in a threshold issue such as the right to file for bankruptcy protection. Had the Court dismissed the petition under 11 USC §707(b) at the very least debtor would have received the right of notice and hearing.

Debtor request the Court to reconsider its decision to dismiss the case based on the above detailed review and analysis and the history of the case since the filing.

The court has considerable discretion in reconsidering an issue. Maynard v. Veneman, 338 F. Supp. 2d 268, 270 (citing Sussman v. Salem, 153 F.R.D.689, 694 (M.D. Fla. 1994)); Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,763 F.2d 1237, 1238-39 (11th Cir. 1985); see also In re Quality Stores, Inc., 272 B.R.1 (Bankr. W.D. Mich. 2002) (noting that a decision under Rule 59(e) "rests within the sound discretion of the trial court").

Having shown good reason to be relieved from the order, in view of the above it is requested that the Court grant this motion and vacate the dismissal.  In the alternative, it is requested from the Court to reconsider the harsh sanctions of barring refiling for one year.

**WHEREFORE**, it is respectfully requested from this Honorable Court to Amend its Judgement dismissing the case or in the alternative, remove the 365 days re-filing sanction.

I HEREBY CERTIFY that the foregoing motion was filed with the clerk of the US Bankruptcy Court for the District of Puerto Rico electronically using the CM/ECF system, which automatically serves copy upon the Office of the US Trustee and parties in interest and upon Amarillis Gonzalez Garcia at amarilis@ymail.com .

San Juan, Puerto Rico, this 15th day of August, 2011

/s/ **Carlos E. Rodríguez Quesada, Esq.**
USDC-PR #124810
PO Box 9023115
San Juan, Puerto Rico 00902-3115
Tel (787) 724-2867  Fax (787) 724-2463
cerqlaw@coqui.net