# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>JUAN C. BALCELLS GALLARETA<br><br>Debtor | Case No. 11-06637<br><br>CHAPTER 7 |

**RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM # 5-1**

**TO THE HONORABLE COURT:**

**COMES NOW**, Amarilys González García (hereinafter referred to as "González"), through its undersigned counsel, and very respectfully states and prays as follows:

1. Debtor, Juan Carlos Balcells Gallareta, filed the bankruptcy petition genesis of this case on August 5, 2011. [D.E. 1].

2. Gonzalez, a creditor of the Debtor, filed a Domestic Support Obligation ("DSO") proof of claim on February 8, 2012. [P.O.C. 5-1].

3. A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) does not discharge an individual debtor from any debt for a DSO. See 11 U.S.C. Sec. 523(a)(5).

4. On March 27, 2019, Noreen Wiscovitch Rentas, as Chapter 7 Trustee of the Bankruptcy Estate, filed an Objection to Claim at No. 5-1 [D.E. 157] asserting that the amount of Claim 5-1 is incorrect and lacks basis. However, the Trustee accepts the DSO claim in the principal amount of $125,046.00.

5. Pursuant to 11 U.S.C. Sec. 101(14A), the term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, <u>including</u>

1

<u>interest that accrues on that debt</u> as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) <u>an order of a court of record</u>; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

6. Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition, <u>are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, are regarded as first in priority</u> under 11 U.S.C. Sec. 507.

7. Pursuant to Article 147 of the Puerto Rico Civil Code, "child support payments shall begin to accrue legal interest for delinquency from the moment sentence is pronounced or, if from month to month, from the time the obligation became due or should have been met." 31 P.R.L.A. Sec. 566.

8. As of the filing of the DSO proof of claim # 5-1 on Feburary 8, 2012, Mrs. González calculated the estimated amount of the DSO plus interest since no decision had yet been reached by the Court of First Instance, Bayamon Judicial Center.

9. As readily appears from the Opinion and Order of the Court of First Instance, Bayamon Judicial Center [D.E. 157-1] of July 23, 2012, notified on August 27, 2012, the mortgage payment for the home was considered a part of the support obligation. [See. D.E . 157-1, page 3]. The Court of First Instance, after making the corresponding calculations, including any mortgage payments, determined that the principal amount of the DSO as of August 31, 2011 the Debtor should have paid $270,928.00, and had only paid $145,882.00, resulting in a debt outstanding of $125,046.00 as of the filing of the bankruptcy petition.

10. Pursuant to Article 1649 of the Puerto Rico Civil Code, the applicable legal interest is six percent (6%) per annum. 31 P.R.L.A. Sec. 4591.

11. The principal amount of $125,046.00 as of August 31, 2011 accrues legal interest at 6% per annum, which amounts to $7,502.06 per year, and $20.83 per diem.

12. As of today, the principal amount of $125,046.00 owed and outstanding since August 31, 2011 has accrued interest at 6% per annum in the amount of $57,576.11 and continues to accrue interest of $20.83 per diem.

13. Therefore, the total amount of principal and interest owed and outstanding of the DSO as of today is $182,622.11 and continues to accrue interest of $20.83 per diem.

14. Mrs. González is filing an amended proof of claim on even date herewith to correctly reflect the amounts due.

15. Mrs. Gonzalez children provided Sworn Statements ratifying their mother's actions on their behalf, and authorizing her to continue acting as such, although pursuant to 11 U.S.C. Sec. 101(14A) she is owed and can recover the DSO. See Exhibits 1 and 2.

**WHEREFORE**, González respectfully prays this Honorable Court denies the Trustee's Objection to Claim 5-1.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF system.

**NOTICE**
Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this May 3, 2019.

**BERRÍOS FALCÓN, LLC**
Capital Center Bldg., South Tower  /s/ Roberto E. Berríos Falcón
Suite 901  Roberto E. Berríos Falcón
239 Arterial Hostos Ave.  USDC-PR No. 228714
San Juan, P.R. 00918  rblawpr@yahoo.com
T. 787.274.8600