# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> JUAN CARLOS BALCELLS GALLARETA <br><br> DEBTOR | CASE NO. 11-06637 MCF <br><br> CHAPTER 7 |

## MOTION REQUESTING ENTRY OF SUMMARY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, NOREEN WISCOVITCH RENTAS, in her capacity as Trustee for the Estate of Juan Carlos Balcells Gallareta, through the undersigned attorney, and very respectfully alleges, states and pray:

## PRELIMINARY STATEMENT

Proof of Claim filed by Mrs. Amarilis González should be disallowed due to the fact that to the Creditor who presented Amendment to Claim 5 (Claim 5-2), is not the party to whom the money is owed, therefore said alleged creditor has no legal standing to file said Claim. If allowed, the Claim must be partially disallowed since Mrs. González also requested post-petition interest as part of the Claim, which are not recoverable under the Bankruptcy Code. Finally, the Claim includes mortgage payments. It has been held that mortgage payments are not part of a DSO claim and must be deducted from the claim before us. Moreover, once the property is sold, the mortgage will be paid in full, thus the part allocated to mortgage payments must be deducted from the Claim. Trustee hereby requests to be granted summary judgment in favor of the estate.

## PROCEDURAL BACKGROUND:

1) On August 5, 2011, Debtor filed the instant Chapter 7 bankruptcy petition. S*ee Dkt.1, Case No. 11-06637*.

2) On February 8, 2012, Creditor, Mrs. González García filed Claim 5-1.

3) On March 27, 2019, Trustee filed an Objection to claim #5-1. *Dkt.157.*

4) On May 3, 2019, Mrs. González filed a Response in Opposition to Objection to Claim #5-1. *See Dkt.164.*

5) On May 3, 2019, alleged Creditor file an amended POC, No. 5-2. *See Claim 5-2.*

6) On July 2, 2019, this Honorable Court declared moot Chapter 7 Trustee's Objection to Claim Number 5 ruling that an amended proof of claim had been filed. *Dkt.157 & 171.*

## APPLICABLE LAW

### A. STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

1. Regarding a request of Motion for Summary Judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

2. In a request for summary judgment under Rule 56(c) of the Rules of Civil Procedure, a dispute is genuine if, a reasonable jury, based on the evidence, could return a verdict for the nonmoving party. *Meléndez v. Lebrón, No. 93-1009 (DRD), 1996 U.S. Dist. LEXIS 5992, at \*5 (DPR. Apr. 18 1996); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).*

3. Party seeking summary judgment always bears initial responsibility of informing District Court of basis for its motions. *Celotex Corp. v Catrett, 477 US 317 (1986).*

4. In the context of a summary judgment motion, the moving party bears the initial responsibility of informing the Court of the reason for its motion and of identifying those portions of the record (such as depositions, answers to interrogatories, and admissions on file) together with affidavits, if any, which the party believes demonstrate absence of genuine issues of material fact.

*Handeen v Lemaire*, 112 F3d 1339 (8th Cir, 1997); *Stat-Tech Int'l Corp. v Delutes (In re Stat-Tech Int'l Corp.)*, 47 F3d 1054 (10th Cir, 1995); *Clouse v Comm'r*, 93 AFTR 2d 427 (ND Ohio, 2003).

  5. The party opposing the motion for summary judgment cannot rely on mere allegations or denials of the moving party. On the contrary, the opposing party must be able to show by affidavits, depositions, answers, and admissions in the record that there is a genuine issue for trial. *Celotex v. Catrett, supra at 324 (1986)*.

  6. "A district court may grant summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c)." *Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, at 18 (1st Cir. 1999); *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4 (1st Cir. 1990).

  7. FRCP 56(c) provides that a Court may enter judgment against a party without the celebration of a trial when: (1) there are no genuine issues of material facts to be resolved at trial; and (2) the uncontested facts entitle the moving party to judgment in his favor as a matter of law. *NASCO, Inc., vs. Public Storage, Inc.*, 29 F 3d 28 (1st. Circuit, 1994).

  8. "As to the materiality referred to in Rule 56(c) of the Rules of Civil Procedure, the substantive law will identify which facts are material. A fact is material if, based on the substantive law at issue, it might affect the outcome of the case." *Pea v. New Puerto Rico Marine Management,* 84 F. Supp. 2d 239, 242 (1999); *Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir. 1989).

  9. The principal inquiry faced by a court when ruling on a motion for summary judgment is whether a genuine issue of material facts exists. The moving party bears the burden of establishing the absence of a genuine issue of material facts. *Celotex Corp. v. Catrett, supra*. If

the moving party carries out its burden, the non-moving party may only survive summary judgment by presenting evidence in support of the existence of genuine issues of fact that warrant the celebration of a trial. *Maldonado-Denis vs. Castillo Rodriguez,* 23 F 3d 576, 581 (1st. Circuit, 1994).

10. In short, in order to survive summary judgment, the non-moving party must bring forth a disputed material fact that may change the outcome of the suit under governing law. *Martinez vs. Colon,* 54 F 3d 980,983-984 (1st. Circuit, 1990).

11. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be determinative. *Antilles Carpet, Inc. v. Milliken Design,* 26 F. Supp. 2d 345, 346 (1998). Therefore, if after evaluating the record in the light most favorable to the non-moving party, the evidence fails to yield a trial worthy issue as to some material fact, a motion for summary judgment shall be granted. Pea, *supra*, at 242; *Zambrana v. Suarez,* 172 F.3d 122,125 (1st Cir. 1999). See also *Rentas v. Sallie Mae Servicing Corp. (In re Rentas),* 2006 Bankr. LEXIS 3880 (Bankr. D.P.R. 2006) (Court denied motions for summary judgment because there was a genuine controversy as to whether creditor was notified); *Torres Lopez v. Consejo de Titulares del Condominio Carolina Court Apart. (In re Torres Lopez),* 2006 Bankr. LEXIS 3811 (Bankr. D.P.R. 2006) (Court denied debtor's motion for summary judgment because creditor denied the alleged conduct and thus factual issues were left to be resolved).

### B. LEGAL STANDING

12. The first part of the objection is one of lack of standing. Mrs. Amarilis Gonzalez is not owed any money by the Estate, her adult children are. Thus, Mrs. Gonzales has no standing to file the Proof of Claim and it must be disallowed in full.

13. It is black letter law that all family decisions in a Bankruptcy Court will be based on state family law.

14. The Bankruptcy Court in *In re Boyd* stated that:

> "The laws of marriage and divorce, and the property divisions incident thereto, belong uniquely to the several states. Federal courts have traditionally abstained when faced with family law questions and when a bankruptcy judge is presented with a bankruptcy that is primarily caused by the liability imposed by a divorce, the bankruptcy judge should give serious consideration to abstaining."
>
> 31 B.R. 591 (D. Minn. 1983)

15. Puerto Rico's Civil Code, in its Article 247 (31 L.P.R.A. sec. 971), states that adulthood is reached at 21 years old. Therefore, Defendant lacks judicial standing to claim and/or receive any DSO payments since both "children" are adults with capacity to claim, receive and manage their child support payments.

> "[O]nce children are emancipated, they have the capacity to represent their own interests in court, not being able their parents to do so from that moment on. In the case of due or overdue alimony, the parent does not have the legitimacy to represent his adult child (entitled to the alimony) or to continue the action to collect the unsatisfied amounts, even if the parent initiated the action originally." *Sotomayor vs. Colón Cruz*, 2009 TSPR 134 (2009). [*Translation ours*.]

16. "In the case of alimony that is due or in arrears, the parent does not have the legitimacy to represent his child who has reached the majority of age or to continue the action to collect the unsatisfied amounts, even if it was the parent who initiated the action originally." *Sotomayor vs. Colón Cruz*, *supra*. [*Translation ours*.]

17. The Puerto Rico's Supreme Court further interpreted that:

> "The action for collection of past-due support owed to minor, unemancipated children is undoubtedly one in which the father or mother with *patria potestas* and custody of the children is perfectly entitled to represent said minors. However, even when an action falls within the scope of that duty or power of representation, its exercise by the parent will

depend on the validity of the legal status on which his or her power of representation rests. That is, the father or mother may only represent his or her child while the latter is under his or her *patria potestas*. Once *patria potestas* ends for any of the reasons listed in the Code, or once it is taken away or suspended by the court, the parents' power of representation over their children ends, unless the Code should expressly provide otherwise. See, Puig Brutau, *supra*, at 274-279." Rosario v. Ramos, 134 D.P.R. 3 (1993).

18. "Once the children are emancipated (unless such emancipation is granted by the parents under the provisions of chapter 109 of the Civil Code, 31 L.P.R.A. §§ 911-916), the children acquire the capacity to represent their own interests in court and the parents can no longer do so. Civil Code secs. 240, 246, and 247 (31 L.P.R.A. §§ 932, 955, and 971); Álvarez v. Aponte, 83 P.R.R. 595 (1961); Vázquez v. Santos, 49 P.R.R. 298 (1935); Key Nieves v. Oyola Nieves, 116 D.P.R. 261 [16 P.R. Offic. Trans. 321] (1985).

19. In this case, both, Juan Francisco Balcells González and Alexandra Balcells González, have reached the majority of age. *See Statement of Uncontested Facts #5*.

20. Since the minors whom the Creditor represented in this case have acquired the majority of age, the Creditor has no standing to pursue the petition of their interests of the DSO. *See Statement of Uncontested Facts #5;* Álvarez v. Aponte, 83 P.R.R. 595 (1961); Vázquez v. Santos, 49 P.R.R. 298 (1935); Key Nieves v. Oyola Nieves, 116 D.P.R. 261 [16 P.R. Offic. Trans. 321] (1985); Rosario v. Ramos, 134 D.P.R. 3 (1993); Sotomayor vs. Colón Cruz, 2009 TSPR 134.

21. Therefore, the claim must be disallowed in its entirety.

### C. RULE 3007 AND 11 U.S.C. sec.502 (a)

22. On August 5, 2011, Debtor filed a Bankruptcy petition under Chapter 7 of the Bankruptcy Code. *Dkt.1*

23. Pursuant to Rule 3007 and 11 U.S.C. sec. 502 (a) a properly filed claim is deemed allowed unless objected to. *In re Farmers' Co-op of Arkansas & Oklahoma, Inc.*, 43 BR 619

(Bankr. WD Ark, 1984). Once an objector offers sufficient evidence to overcome the prime facie validity of a claim, a claimant is required to meet the usual burden of proof to establish the validity of its claim. *In re Rockefeller Ctr. Props.*, 272 BR 524 (Bankr. NDNY, 2000).

24. According to Section 502 (a) of the Bankruptcy Code, *supra*, in Chapter 7 cases such as the one at bar, among the duties of the Chapter 7 Trustee are to "examine proofs of claims and object to the allowance of any claim that is improper", pursuant to Section 704 (a)(5) of the Bankruptcy Code. 11 USC § 704(a)(5)

25. An improper claim is one that is not filed by the proper creditor.

26. Black's Law Dictionary defines improper as "Incorrect; unsuitable or irregular. Fraudulent or otherwise wrongful." Brian A. Garner, Black's Law Dictionary (10th Ed. Thomson Reuters, 2014)

27. "A challenge to the standing of a claimant in a bankruptcy case is a substantive objection under 11 USCS § 502 (b)(1), which provides that a claim may be disallowed to the extent the claim is unenforceable against the bankruptcy debtor under any applicable law, including state law. With respect to standing, an allegation essential to any claim is that the claimant is the proper party in interest." *In re Richter*, 478 B.R. 30 (2012).

28. "In a bankruptcy case, a challenge to standing is a substantive objection under 11 USCS § 502 (b)(1) because if a claimant has not proven it is the owner of a claim with a right to payment (i.e. the party with standing), the claim is unenforceable against the bankruptcy debtor under state law." *In re Richter*, *supra*.

29. "The Bankruptcy Code defines a 'creditor' as an 'entity that has a claim against the debtor that arose at the time of or before the order for relief', and defines a 'claim' as a 'right to payment…" *In re Richter*, *supra*.

30. The Court in *In re Richter* stated that:

"This Court is not alone in determining a challenge to standing is a substantive objection under §502(b)(1). In support of this conclusion, the U.S. Bankruptcy Court for the Northern District of Oklahoma explained: Debtors also allege that they have no liability on the claims as filed because Claimants have not proven they are the owners of the claims with a right to payment; that even if Claimants own the subject claims, Debtors dispute the amounts asserted in the proofs of claim; and that such claims are not enforceable under Oklahoma law. These objections are sufficient to prevent the claims from being deemed allowed under § 502(a), and to trigger Court determination of the claims under § 502(b)(1) . . . In the face of a substantive objection by a party in interest, the Court is required to determine the amount of each claim as of the petition date, and to allow the claim in that amount, except to the extent the claim is unenforceable against the debtor or the debtor's property under applicable law. Claimants therefore must first establish that they hold enforceable claims against the respective Debtors."

*supra.*

*31.* Mrs. González does not comply with the <u>statutory</u> requirements of a party in interest according to bankruptcy court rulings. She has no legally protected interest that could be affected by the proceeding. She is not a claimant according to bankruptcy rules. *See Statement of Uncontested Facts #5.*

32. Trustee's substantive objection to claim 5-2, under §502 (b)(1) of the Bankruptcy Code meets the required burden of proof to overcome the *prima facie* validity of a claim.

33. Thus, the Claim should be disallowed in its entirety for lack of standing.

### D. POST-PETITION INTEREST

34. Section 502(b)(5) provides in pertinent part:

> [I]f [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... and shall allow such claim in such amount, except to the extent that — (5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
> 11 U.S.C. §502(b)(5).

35. 11 U.S. Code § 502 states the following:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) …
> (2) such claim is for unmatured interest;
> …

36. Accrued interests of a claim are only to be allowed until the date of the filing of the bankruptcy petition. Post-petition interest are not allowed as part of a claim.

37. The basic bankruptcy rule on the payment of interest to creditors is that the running of interest ceases when the bankruptcy petition is filed. See *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 246 (1989) ("a pre-Code rule"); *Nicholas v. United States*, 384 U.S. 678, 682 (1966) ("interest on claims against a bankrupt estate is suspended as of the date the petition in bankruptcy is filed"); *Sexton v. Dreyfus*, 219 U.S. 339, 344 (1911) (rule that interest on unsecured debts stops at start of bankruptcy is a fundamental principle of English bankruptcy law which is basis of our system). *United States v. Robinson (In re D.C. Sullivan & Co.)*, 929 F.2d 1 (1st Cir. 1991)

38. The Court in *American Iron* pointed out that the reason for the rule denying interest after insolvency "is not because the claims had lost their interest-bearing quality during that period, but is a necessary and enforced rule of distribution, due to the fact that in case of receiverships the assets are generally insufficient to pay debts in full." *American Iron and Steel Manufacturing Co. v. Seaboard Air Line*, 233 U.S. 261 (1914), *United States v. Robinson (In re D.C. Sullivan & Co.)*, 929 F.2d 1, 3 (1st Cir. 1991)

39. "As to claims against the trustee in bankruptcy, the general rule for liquidation of the bankruptcy estate has long been that a creditor will be allowed interest only to the date of the petition in bankruptcy." *Sexton v. Dreyfus*, 219 U.S. 339 (1911).

40. The Supreme Court stated that:

> "The basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience. These reasons are inapplicable to an action brought against the debtor personally. In the instant case, collection of post-petition interest cannot inconvenience administration of the bankruptcy estate, cannot delay payment from the estate unduly, and cannot diminish the estate in favor of high interest creditors at the expense of other creditors."

*Bruning v. United States*, 376 U.S. 358 (1964)

41. "Unmatured domestic support obligations are not allowed claims, and therefore are not entitled to priority status under §507(a)(1). That is, prepetition domestic support obligations are given priority status, while post-petition domestic support obligations are not allowed claims, but are non-dischargeable." *In re Meier*, 2014 Bankr. LEXIS 4845, 2014 WL 6686541, *2 (Bankr.N.D.Ill. 2014). *Kimble v. Towers Invs. Tr., Inc. (In re Kimble)*, No. CV 15-290 TUC FRZ, 2017 U.S. Dist. LEXIS 211257 (D. Ariz. Dec. 21, 2017)

42. All of the interest allegedly accrued after 2011, are not payable by the estate. Thus, even if the Amended Claim is allowed as a claim, the same should be partially disallowed in the amount of $57,576.11, and allowed only in the amount of $125, 046.00 (before the additional objection as to mortgage payments which also need to be substracted).

### E. MORTGAGE PAYMENTS UNDER SECTION 541 BANKRUPTCY CODE AND PUERTO RICO FAMILY LAW

43. As section 541 of the Bankruptcy Code states:

> "(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is compromised, of all the following

property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c) (2) of this section, all legal or equitable interests of the debtor in property as the commencement of the case; (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is – (A) under sole, equal, or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor's spouse, to the extent that such interest is liable."

44. When a conjugal partnership is established under Puerto Rico law, the earnings or profits indiscriminately obtained by either of the spouses during marriage shall belong to the husband and wife in equal share. Article 1295 Civil Code of Puerto Rico, 31 L.P.R.A. §3621.

45. When the conjugal partnership ceases to exist, the conjugal partnership turns into an ordinary community. *Gracía González v. Montero Saldaña*, 7 P.R. Off. Trans. 353, 363-364, 107 D.P.R. 301, 331-332 (1978), *citing*, Puig Brutau, Fundamentos de Derecho Procesal Civil, Tomo 4, Vol. 1 (1967), p.784. *Also see*, Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, Vol. 1, Interamerican University School of Law, 2007 ed., p. 457; *Roselló Puig v. Rodríguez*, 183 D.P.R. 81, 94 (2011).

46. All of the assets of a spouse, as well as the community property, becomes property of a bankruptcy estate of Puerto Rico Law. *In re Lang*, 191 B.R. 268 (Bankr. D.P.R. 1995), citing Bankr. Code, 11 U.S.C.A. §541 (a) (2) (A); 31 L.P.R.A. §§ 284, 286, 3621, 3622, 3631, 3641, 3647.

47. At the instant case, the assets of the community property comprised between Debtor and Defendant have never been divided. Therefore, when the Debtor filed for bankruptcy, the Bankruptcy Estate immediately comprised all nonexempt property, including any "unpartitioned post-marital community property." *In re Brassett*, 332 B.R. at 754-755 (M.D.La 2005); *In re Robertson*, 203 F.3d. at 861-862 (5th Cir. 2000); *In re Pérez León*, 2013 WL 5232331 (2013).

48. "Payments on a former marital residence are not necessarily for support." See, *Matter of Brown*, 488 B.R. 810 (Bankr. S.D. Ga. 2013) (hold harmless obligation to former spouse to make payments on former marital home were non dischargeable divorce related obligation but not DSO); *In re Anthony*, 453 B.R. 782 (Bankr. D. N.J. 2011) (condo fees were not DSO); *In re Nelson*, 451 B.R. 918 (Bankr. D. Or. 2011) (hold harmless on joint mortgage debt was not DSO); In re Lewis, 423 B.R. 742 (Bankr. W.D. Mich. 2010) (temporary order to make mortgage payments was not in nature of support); *In re Mannix*, 303 B.R. 587 (Bankr. M.D. Pa. 2003) (debtor's mortgage obligation was property division, not support, and was dischargeable); *In re Horner*, 222 B.R. 918 (S.D. Ga. 1998) (same); *In re D'Atria*, 128 B.R. 71 (Bankr. S.D. N.Y. 1991) (same).

49. The Puerto Rico Court of First Instance of Bayamón in case number D DI2016-4055, stated that the mortgage payment required of the debtor would be included in the child support total amount. *See Statement of Uncontested Facts #4.*

50. According to the case law, the mortgage payments themselves are not DSO and thus must be subtracted from the Claim.

51. Moreover, when the property is sold, the mortgage will be paid in full. Therefore, even if the amounts corresponding to mortgage payments were part of the DSO, which is denied, the said amounts to be reduced from the total of the alleged DSO debt once the property is sold and the full mortgage is satisfied.

52. If mortgage payments which are part of the claim filed by Creditor are allowed, the alleged debt would be paid twice. *See Statement of Uncontested Facts #4.*

**SUMMARY JUDGMENT SHOULD BE AWARDED IN FAVOR OF PLAINTIFF**

1. Both of Mrs. González children, Juan Francisco Balcells González and Alexandra Balcells González, have reached the majority of age. *See Statement of Uncontested Facts #5.*

2. The minors whom the Creditor represented in this case have acquired the majority of age, hence the Creditor has no standing to pursue the petition of their interests of the DSO. *See Statement of Uncontested Facts #5*

3. Mrs. González children are now around 23/24 and 25/26 years old.

4. Mrs. González does not comply with the statutory requirements of a party in interest according to bankruptcy court rulings. She has no legally protected interest that could be affected by the proceeding. She is not a claimant according to bankruptcy rules.

5. Trustee's substantive objection to claim 5-2, under §502 (b)(1) of the Bankruptcy Code meets the required burden of proof to overcome the prima facie validity of a claim.

6. Thus, the claim must be disallowed in its entirety.

7. In the event the Claim is allowed, the same must be substantially reduced due to the inclusion of post-petition interest and mortgage payments that are not part of a DSO and which will be paid off as part of the sale of the real property.

**IN VIRTUE OF THE ABOVE**, it is hereby requested that this Honorable Court grant this motion and enter Summary Judgment as follow:

A. Issue summary judgment granting Trustee's Objection to claim for the abovementioned reasons and disallow the claim;

B. In the alternative, order Alexandra and Juan Francisco Balcells González to present the claim themselves.

C. In the alternative, Claim 5-2 must be disallowed in the amount of $57,576.11 (in illegal post-petition interest) and $27,625.00 (in duplicated and non-DSO mortgage payments), for a final allowed claim of $97,421.00.

## NOTICE OF RESPONSE TIME

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk=s office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, US Trustee's Office, Ochoa Building, 500 Tanca Street, Suite 301, San Juan, P.R. 00901.

**RESPECTFULLY SUBMITTED**

In San Juan, PR this 3rd day of June 2021.

**/s/ Rafael A. González Valiente**
**USDC-PR**
Email: rgv@g-glawpr.com

**Godreau & Gonzalez, LLC.**
PO Box 9024176
San Juan, PR 00902-4176
Tel: (787) 726-0077