**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JUAN CARLOS BALCELLS GALLARETA<br>DEBTOR | CASE No. 11-06637 MCF<br><br>CHAPTER 7 |

### MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT:**

**COMES NOW,** NOREEN WISCOVITCH-RENTAS, AS TRUSTEE FOR THE ESTATE (collectively "Trustee"), through the undersigned counsel and very respectfully aver and pray as follows:

On August 5, 2011, Debtor filed a Chapter 7, voluntary petition. *Dkt.1.*

On May 30th, 2014, an adversary proceeding was filed. *Dkt.1.*

On February 10th, 2022, judgment was entered on the adversary proceeding. *Dkt.230.* A Notice of Appeal was filed on February 24th, 2022, at docket 233.

On March 3rd, 2022, this Honorable Court entered an order stating that:

> "The Trustee's objection to claim number 5-2 (Docket No. 231) is held in abeyance until the resolution of the appeal regarding a related matter in Adversary Proceeding No. 14-00137." *Dkt.257.*

The Trustee hereby requests that the Court reconsider its order staying the process of the objection to Claim 5-2.

Bankr. No. 11-06637
*Reconsideration*

A Motion for Reconsideration may be entertained pursuant to Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Federal Rules of Bankruptcy Procedure 9023 and 9024. A motion for reconsideration pursuant to Rule 59(e) usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir.2008).

Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D.Nev., 2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See *Standard Quimica de Venezuela v. Central Hispano Int'l, Inc.*, 189 F.R.D. 202 n. 4 (D.P.R., 1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the court. See e.g., *Waye v. First Citizen's National Bank*, 846 F.Supp.310, 314 n. 3 (M.D.Pa., 1994);

Bankr. No. 11-06637
*Reconsideration*

*Resolution Trust Corp. v. Holmes*, 846 F.Supp.1310, 1316 (S.D.Tex., 1994).

It's of outmost important for the adjudication of the dispute **_and the pending appeal_** that the objection to claim be resolved. The resolution of said issue could affect the final adjudication and is part of the controversy.

It is uncontroverted that the property has equity.[1] One of the issues to be presented on appeal is the situation that the creditor is obtaining equity benefits from the property of the estate while at the same time having a claim against the estate of over $100,000.00. In other words, the creditor is benefiting from keeping the equity on the property AND from receiving distribution from the estate at the expense of the other creditors of the estate.

Furthermore, Trustee believes that Ms. Amarilys González is not the person with legal standing to demand the claim. Therefore, the resolution of the objection to claim is necessary for further proceedings regarding the appeal and this case.

Finally, there is no harm to creditor or any other party in continuing with the objection to claim process. Nor does the continuation of the objection to claim process negatively impact

---

[1] At worst, the property is valued at $248,000.00. See Dkt.250. The secured debt on the property is approximately $58,041.76. See Claim #2-1. The minimum amount of equity on the property is approximately $189,958.24.

Bankr. No. 11-06637
*Reconsideration*

the appeal – to the contrary, it will help in the resolution of the same.

Trustee hereby requests that the Court reconsider its Order staying the objection to claim and determine (1) if Ms. Amarilys González has legal standing to pursue the claim and the claims validity and (2) the amount of the claim.

Thus, the Court should grant the instant request for reconsideration as the equities of the case favor that the Order be vacated.

**WHEREFORE,** Debtor respectfully requests that the Court take note of the above vacate the Order that holds in abeyance the case until the resolution of the appeal.

**NOTICE TO CREDITORS AND PARTIES IN INTEREST**

**WITHIN FOURTEEN (14) DAYS AFTER SERVICE** as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted without a hearing unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**

Bankr. No. 11-06637
*Reconsideration*

**IT IS HEREBY CERTIFIED** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in the case.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 9th day of March of 2022.

By: */s/ Rafael A. Gonzalez Valiente*
USDC NO. 225209
Counsel for the Bankruptcy Estate
Godreau & Gonzalez Law, LLC
PO Box 9024176
San Juan, PR 00902-4176
Telephone: 787-726-0077
*rgv@g-glawpr.com*