IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JUAN CARLOS BALCELLS GALLARETA<br><br>Debtor | CASE NO. 11-06637 MCF<br><br>CHAPTER 7 |

## RESPONSE TO OBJECTION AND CLARIFICATION OF ABANDONMENT AND MATTERS RELATED FILED BY AMARILIS GONZALEZ GARCIA

TO THE HONORABLE COURT:

Comes now, Banco Popular Puerto Rico – Mortgage Division ("BPPR"), secured creditor, represented by the undersigned attorney who respectfully prays, and states as follows:

**Procedural Posture**

On August 5, 2011, Debtor filed a voluntary Chapter 7 bankruptcy petition and Noreen Wiscovitch Rentas, Esq. was appointed as the Chapter 7 Trustee. Somehow this Chapter 7 case has managed to remain open for approximately the past twelve (12) years and survived three adversary proceedings: 14-00133 MCF, 14-00137 MCF and 16-00209 MCF.

Relevant to the present controversy is adversary proceeding 14-00137 MCF in which the Trustee filed a complaint against Ms. Amarilis González García, seeking Court's authorization to sell Ms. González undivided participation as community-property-owner in a real estate property located at Villas Reales Development, 381 Villa Versailles St., Guaynabo, PR, the "(Subject Property") co-owned with Debtor and in which BPPR is the holder of a note secured by a first mortgage that encumbers the Subject Property. After a long and protracted litigation on February 9, 2022, the Court ruled against the Trustee.

**Discussion of the Legal Issues**

1. On March 25, 2023, the Trustee filed a Notice of Abandonment (docket # 273) of Debtor's interest or undivided participation in the Subject Property. In the Notice of

Abandonment, the Trustee followed to the letter the provisions of Section 554 of the Bankruptcy Code (the "Code"), 11 U.S.C. § 554 and the Court's ruling in adversary 14-00137 MCF. Specifically, in the Notice of Abandonment the Trustee states and we quote that the Subject Property was: "not proper for administration, and/or is burdensome to this Estate or of inconsequential value to the Estate due to the Bench Judgment in Adv. No. 14-00137 (MCF), Dkt. 230." (the "Bench Order").

2. The Trustee's decision to abandon Debtor's undivided participation in the Subject Property was based on law of the case and the strict application of § 554 (a), *supra*.

*The Law of the Case*

3. In the Bench Order entered by the Court on February 9, 2022, in Adversary proceeding 14-00137 MCF, the Court concluded that Debtor's undivided participation in the Subject Property did not have any equity for the estate. To this date, the Bench Order is final and unappealable.

4. The law of the case doctrine precludes re-litigation of legal issues raised at a subsequent stage in the case once they have been decided. It has the purpose to achieve finality as to the litigation of issues that were properly adjudicated, as in this case, by a competent court with jurisdiction. *Field v. Mans*, 157 F.3d. 35, 40 (1st Cir. 1998) quoting *Cohen v. Brown Unco.*, 101 F.3d. 155, 167 (1st Cir. 1996); *Arizona v. California*, 460 U.S. 605, 618 (1983); *Nat'l Labor Relations Board v. Goodless Electric Co.*, 285 F.3d. 102, 107 (1st Cir. 2002); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1998).

5. On April 10, 2023, Ms. González filed a motion titled Objection and Clarification of Abandonment and Matters Related (the "Objection") [docket # 278].

6. The Objection is a re-hatch or summary of all the allegations raised by Ms. González in Adversary Proceeding Number 14-00137 MCF and in bankruptcy case 19-00726 MCF-7 as well.

*Duties of the Trustee*

7. Pursuant to the provisions of Section 704 (a)(1) and (2) of the Code, 11 U.S.C. § 704, the Trustee has the duty to "(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest; and (2) be accountable for all property received;".

8. As part of the duty to collect and reduce to money the property of the estate the Trustee has to analyze if the property of the estate received is of value or burdensome to the estate. In the case at bar, following the doctrine of the law of the case and the dispositions of § 554 (a), *infra,* the Trustee did not have any other option than to proceed to abandon as she actually did, Debtor's undivided participation in the Subject Property.

*Legal Effect of the Abandonment of Property*

9. Section 554 (a) of the Code, 11 U.S.C. § 554 (a) provides that

> "(a) After notice and a hearing, the trustee may abandon any property of the estate <u>that is burdensome to the estate or that is of inconsequential value and benefit to the estate.</u>" (Emphasis added).

10. The abandonment under § 554 (a) *supra*, acts only as an abandonment of the bankruptcy estate's interest in property and not as abandonment of Debtor's interest. *In re High Voltage Engineering Corp.,* 397 B.R. 579 (Bankr. Ma. 2008).

11. While Debtor's interest in the Subject Property that the Trustee abandoned may be subject to competing claims, <u>like in the case at bar</u>, the abandonment is not intended as process to determine and resolve conflicts regarding who has title to the abandoned property or the validity of competing liens or other interests of third parties in property; determination of competing claims to abandoned property can be made before the state courts after abandonment. See *In re High Voltage Engineering Corp., supra.*

12. In sum, the only determination made by the Trustee and/or the Court in the § 554 abandonment process is that the property is (1) burdensome to the estate, or (2) of

inconsequential value. In the case at bar, the determination as to the lack of equity of Debtor's undivided participation in the Subject Property was made by the Court for the Trustee in the Bench Order in Adv. No. 14-00137 (MCF) [docket # 230].

## Argument

13. In making this determination to abandon Debtor's undivided participation in the Subject Property, the Trustee was guided by the best interests of the estate, not necessarily the interests of the debtor and creditors. See *Pilz Compact Disc, Inc.*, 229 B.R. at 638–39 (quoting *3 Norton Bankruptcy Law and Practice 2d*, § 53.1, at 53–2 to 53–4 (1997)) (footnotes omitted) (emphasis added). See also *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir.1990)( ) ("Property abandoned under this section ceases to be part of the estate ... It reverts to the debtor and stands as if no bankruptcy petition was filed."), aff'd, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *In re Renaissance Stone Works, L.L.C.*, 373 B.R. 817, 820 (Bankr.E.D.Mich.2007) ("There is no authority in the Bankruptcy Code for the abandonment of property of the estate to a creditor or to any party other than the debtor.").

14. At the end of the day, the abandonment by the Trustee of Debtor's undivided participation in the Subject Property does not affect Debtor's nor community property co-owner Ms. Amarilis González García rights to continue with their respective claims and counterclaims before the state courts, as long as such claims and or counterclaims were not discharged, waived or are timely barred.

15. This will allow the Trustee to close a case that has lingered before the Court for approximately twelve (12) years.

WHEREFORE, the appearing party prays for an order granting Trustee's Notice of Abandonment at docket # 273.

## NOTICE TO CREDITORS AND PARTIES IN INTEREST
## RESPONSE TIME REQUIRED BY LOCAL BANKRUPTCY RULE 9013-1(2)(A)

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Federal Rule of Bankruptcy Procedure 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be grant-d unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Debtor's attorney **Lyssette A. Morales Vidal, Esq.; Rafael A. González Valiente, Esq.** and to **Noreen Wiscovitch Rentas, Esq.,** Chapter 7 Trustee, and also certify that I have mailed by United States Postal Service copy of this motion to the following non CM/ECF participant to: **Debtor** at PO Box 361012, San Juan, PR 00936 and to **Ms. Amarilis González García**, *pro se* at PO Box 984, Guaynabo, PR 00970.

In San Juan, Puerto Rico, on the 27th day of April, 2023.

**CARDONA JIMENEZ LAW OFFICES, PSC**
Attorney for BPPR
PO Box 9023593
San Juan, PR 00902-3593
Tels: (787) 724-1303, Fax No. (787) 724-1369
E-mail: jf@cardonalaw.com


*s/José F. Cardona Jiménez*, USDC PR 124504
jf@cardonalaw.com